UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Consolidated Edison Company of New York, Inc.,** *et al.*, | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) Civil Action No. 1:05CV01467-RWR ) ) |
| **Samuel Bodman, Secretary of Energy,** *et al.*, | ) ) |
| **Defendants.** | ) |

**FEDERAL DEFENDANTS' ANSWER TO THE COMPLAINT**

Defendants, Samuel Bodman and George B. Breznay, by their undersigned counsel hereby admit, deny and otherwise respond to the allegations contained in the complaint.

1. The allegations contained in paragraph 1 constitute a description of the action as to which no answer is required. To the extent an answer is required, they are denied.

2. Defendants admit the jurisdiction of the court pursuant to Section 211 of the Economic Stabilization Act Amendments of 1971, 12 U.S.C. § 1904 (1976 ed.). All remaining allegations contained in paragraph 2 are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law as to which no answer is required.

4. The allegations contained in paragraph 4 are admitted.

5. The allegations contained in paragraph 5 are admitted.

6. The allegations contained in paragraph 6 are admitted.

First ¶ 7. The allegations contained in first paragraph 7 constitute conclusions of law as to which no answer is required. To the extent an answer is required, they are denied.

Second ¶ 7.  The allegations contained in the second paragraph 7 constitute conclusions of law as to which no answer is required.  To the extent an answer is required, they are denied.

8. The allegations contained in paragraph 8 constitute conclusions of law as to which no answer is required.  To the extent an answer is required, they are denied.

9.  The allegations contained in paragraph 9 constitute speculation and supposition as to the effect on plaintiffs of the agency's proposed action which do not require an answer.  All other allegations are denied.

10.  The allegations contained in paragraph 10 constitute characterizations of the Lubrizol decision found at http://www.oha.doe.gov/cases/refunds/2004/August/rf27220947.htm on the "world wide web" and referenced in paragraph 10 which is the best evidence of its own contents and to the extent inconsistent therewith are denied.  All other allegations are denied.

11.  The allegations contained in paragraph 11 constitute characterizations of the complaint filed in this Court in docket number 04-1732 (EMS) and referenced in paragraph 11 which is the best evidence of its own contents and to the extent inconsistent therewith are denied. All other allegations are denied.

12.  The allegations contained in paragraph 12 constitute characterizations of the motion filed by defendants that is referenced in paragraph 12 which is the best evidence of its own contents and to the extent inconsistent therewith are denied.  All other allegations are denied.

13.  The allegations contained in paragraph 13 constitute characterizations of the decision and order found at http://www.oha.doe.gov/cases/refunds/2005/June/rc27200438.pdf on the "world wide web" and  referenced in paragraph 13 which is the best evidence of its own contents and to the extent inconsistent therewith are denied.  All other allegations are denied.

14.  The allegations contained in paragraph 14 constitute characterizations of the decision

and order referenced in paragraph 14 which is the best evidence of its own contents. All other allegations are denied.

15. The allegations contained in the paragraph 15 constitute characterizations of the *Stripper Well Settlement Agreement*, Energy Management (CCH) ¶ 90,509, which is the best evidence of its own contents and to the extent inconsistent therewith are denied.

16. The allegations contained in paragraph 16 constitute arguments and conclusions of law as to which no answer is required. The allegations constitute a statement of the state plaintiffs' knowledge and hypothetical conclusions based upon assumed facts and as such are speculative and are denied.

17. The allegations contained in the paragraph 17 constitute characterizations of the *Stripper Well Settlement Agreement*, Energy Management (CCH) ¶ 90,509, which is the best evidence of its own contents and to the extent inconsistent therewith are denied

18. The allegations contained in paragraph 18 constitute a statement of the state plaintiffs' knowledge and hypothetical conclusions based upon assumed facts and as such are speculative and as such are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law as to which no answer is required.

20. The allegations contained in paragraph 20 constitute characterizations of the Federal Register notices referenced in paragraph 20 which is the best evidence of its contents and to the extent inconsistent therewith are denied. The allegations constitute hypothetical conclusions based upon assumed facts and as such are speculative and are denied.

21. The allegations contained in paragraph 21 constitute a characterization of part of the administrative record in this proceeding which is its own best evidence, require no further

answer, and to the extent inconsistent therewith are denied.

22. The allegations contained in paragraph 22 constitute a characterization of part of the administrative record in this proceeding which is its own best evidence and require no further answer.

23. The allegations contained in paragraph 23 constitute a characterization of part of the administrative record in this proceeding which is its own best evidence and require no further answer. To the extent they assert facts, they are speculative and as such are denied.

24. The allegations contained in paragraph 24 constitute a characterization of part of the administrative record in this proceeding which is its own best evidence and require no further answer and to the extent inconsistent therewith are denied.

25. The allegations contained in paragraph 25 constitute speculation and legal argument and as such require no answer. To the extent an answer is required they are denied.

26. The allegations contained in paragraph 26 constitute a characterization of part of the administrative record in this proceeding which is its own best evidence and require no further answer.

27. The allegations contained in paragraph 27 constitutes a characterization of part of the administrative record in this proceeding which is its own best evidence and require no further answer and to the extent inconsistent therewith are denied.

28. The allegations contained in paragraph 28 constitute a characterization of the decision and order from which review is sought which is its own best evidence and require no further answer and to the extent inconsistent therewith are denied.

29. The allegations contained in paragraph 29 constitute a characterization of the decision and order from which review is sought which is its own best evidence and require no

further answer and to the extent inconsistent therewith are denied.

30. The allegations contained in paragraph 30 constitute a characterization of the decision and order from which review is sought which is its own best evidence and require no further answer and to the extent inconsistent therewith are denied.

First ¶ 31. The allegations contained in the first paragraph numbered 31 constitute a characterization of the decision and order from which review is sought which is its own best evidence and require no further answer and to the extent inconsistent therewith are denied.

Second ¶ 31. The allegations contained in the second paragraph numbered 31 constitute supposition, hypothetical conjecture, and argument to which no answer is required.

32. The answers to the allegations contained in paragraphs 1 through the second paragraph numbered 31 are restated and incorporated herein by reference as if set forth in full.

33. The allegations contained in paragraph numbered 33 constitute argument and conclusions of law as to which no answer is required. To the extent an answer is required they are denied.

34. The allegations contained in paragraph numbered 34 constitute argument and conclusions of law as to which no answer is required. To the extent an answer is required they are denied.

35. The allegations contained in paragraph numbered 35 constitute argument and conclusions of law as to which no answer is required. To the extent an answer is required they are denied.

36. The allegations contained in paragraph numbered 36 constitute argument and conclusions of law as to which no answer is required. To the extent an answer is required they are denied.

37.  All allegations contained in the complaint that have not heretofore been admitted, denied or otherwise answered are hereby denied.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs have failed to state a claim upon which relief may be granted.

2.  Plaintiffs have suffered no actual injury requiring relief.

WHEREFORE: Federal defendants ask

1.  That the complaint be dismissed with prejudice;

2.  That plaintiff be assessed costs and fees pursuant to 28 U.S.C. §2412; and

3.  That the Court grant defendants any other relief that it deems just and proper.

Respectfully submitted,

_____
THOMAS H. KEMP
STEPHEN C. SKUBEL
U.S. Department of Energy
Office of the General Counsel
Rm. 6H-045 (GC-32)
1000 Independence Ave., S.W.
Washington, D.C. 20585
Telephone: (202) 586-8700

DATE: September 26, 2005