IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. et al | : : : : |
| Plaintiffs | : : |
| V. | :Civil Action 1:05CV01467(EGS) : |
| SAMUEL BODMAN Secretary of Energy, United States et | : : : : |
| Defendants | : |

REPORT OF MEETING PURSUANT TO LOCAL RULE 16.3
AND STATEMENT OF THE CASE AND STATUTORY BASIS

I   REPORT OF MEETING PURSUANT TO RULE 16.3

Counsel for plaintiffs (referred to as "Con Ed") and the defendants (referred to as "DOE") met by telephone conference on October 12, 2005, as required by Local Rule 16.3.

The parties discussed the matters set forth in Rule 16.3 ©)(1) through (13), with the following results:

(1) CON ED and DOE both believe that the case may be disposed of pursuant to dispositive motions, i.e. a contemplated Motion for Summary Judgment by CON ED and a contemplated Motion to Dismiss or in the Alternative for Summary Judgment to be filed by DOE. The parties agree that discovery or other matters should

1

await a decision on the dispositive motions.

(2) No other parties are to be joined and no amendment to the pleadings is contemplated. Inasmuch as the issue is the adequacy of the Administrative Record as the basis of an award of crude oil refunds, no further narrowing of the factual and legal issues can be agreed to.

(3) DOE and CON ED agree that this is not an appropriate matter to be assigned to a magistrate judge.

(4) DOE and CON ED believe that there is no realistic possibility of settling the case by negotiations between them.

(5) DOE and CON ED believe that the case would not benefit either from the Court's ADR procedures or any other form of alternative dispute resolution. In so determining their positions, counsel have considered the matters set forth in paragraphs (I) through (v) of paragraph (5).

(6) The parties propose the following schedule for the filing of the Administrative Record and dispositive motions and the briefs of the parties thereon:

| | |
|---|---|
| DOE's Filing of Administrative Record | November 10, 2005 |
| CON ED's Motion for Summary Judgment and Brief in Support | December 12, 2005 |
| DOE's Motion to Dismiss or in the Alternative for Summary Judgment and Brief in Support Thereof and In Opposition to CON ED's Motion for Summary Judgment | January 27, 2006 |

| | |
|---|---|
| CON ED 's Brief in Opposition to DOE's Motion to Dismiss or in the Alternative For Summary Judgment and Reply to DOE's Opposition to CON ED's Motion for Summery Judgment | February 27, 2005 |
| DOE's Brief In Reply to CON ED's Opposition to DOE's Motion to Dismiss or in the alternative for Summary Judgment | March 27, 2005 |

CON ED and DOE propose that oral argument be scheduled at the Court's convenience as expeditiously as possible after the completion of the briefing schedule set forth above and that a decision be rendered by the Court as soon thereafter as is convenient for the Court.

(7) The parties agree that any decision as to whether to dispense with the initial disclosures required by Rule 26 (a) (1) or of any modification thereof, and any schedule for such disclosures should be deferred until disposition of the DOE Motion to Dismiss or in the alternative for Summary Judgment and the CON ED Motion for Summary Judgment.

(8) The parties agree to defer until a decision on the DOE Motion to Dismiss or in the alternative for Summary Judgment and the CON ED Motion for Summary Judgment any discovery and any discussion of the length of the discovery process, possible limitations on discovery, whether a protective order is appropriate, and a date for the completion of discovery. DOE reserves the right to oppose any discovery.

3

(9) The parties agree that any decision as to the use of expert witnesses is properly deferred until disposition of the DOE Motion to Dismiss or in the alternative for Summary Judgment and the CON ED Motion for Summary Judgment.

(10) With regard to the assertion in the Complaint of the right of plaintiffs to certification as representatives of the class there identified, the parties propose that the matter be deferred until after a decision on the DOE Motion to Dismiss or in the alternative for Summary Judgment and the CON ED Motion for Summary Judgment, and that a schedule for the filing of a Motion for Class Certification, Opposition and Reply thereto be set at such subsequent time.

(11) No other bifurcation or phasing is contemplated or required, except that which will result from the deferral of discovery, and of consideration of the application for class certification until after disposition of the DOE Motion to Dismiss or in the alternative for Summary Judgment and the CON ED Motion for Summary Judgment.

(12) The parties agree that any recommendation to the Court as to the scheduling of a pretrial conference be deferred until after disposition of the DOE Motion to Dismiss or for Summary Judgment and the CON ED Motion for Summary Judgment.

(13) The parties leave to the Court's determination whether oral argument should now be scheduled for a specific date on the

DOE Motion to Dismiss or for Summary Judgment and the CON ED Motion for Summary Judgment, or should await the filing of the required memoranda. The parties agree that any recommendation of a trial date should await disposition of the DOE Motion to Dismiss or for Summary Judgment and the CON ED Motion for Summary Judgment.

II   STATEMENT OF THE CASE AND STATUTORY BASIS

CON ED and its fellow plaintiff Utilities and Manufacturers who have been approved as the recipients of crude oil refunds recovered by DOE bring this action on their own behalf and on behalf of all other similarly approved crude oil refund claimants other than the Lubrizol Corporation ("Lubrizol") to challenge an award or crude oil refunds to Lubrizol. Any recision of such award in whole or in part will redound to the benefit of the plaintiffs and the class by increasing the refunds which will be disbursed to them.

CON ED asserts that the award to Lubrizol on the basis of "various base oils" failed to meet the requirement for such an award that it be based on substantial evidence and be rational. The statutory basis asserted by CON ED for its cause of action is Sections 209-211 of the Economic Stabilization Act Amendments of 1971 ("ESA"), Pub. L. 92-210, 85 Stat. 743 (1971) as incorporated in Emergency Petroleum and Allocation Act ("EPAA"), Pub. L. 93-

5


259,87 Stat. 627(1973).

    Defendants assert that the decision and order by the Office of Hearings and Appeals approving Lubrizol'a claim for a crude oil overcharge refund was based on the administrative record, the applicable regulations, the exercise of agency expertise gained over a period of nearly thirty years in ruling on such awards and it complied with all appropriate standards for making such a decision.

                                          Respectfully submitted

                                          _____
Philip P. Kalodner
208 Righters Mill Rd.
Gladwyne PA 19035
(610) 649-8749
DC Bar 973578
Attorney for Plaintiffs


                                          _____
Thomas H. Kemp
Stephen C. Skubel
U.S. Department of Energy
Office of the General Counsel
Room 6H-045 (GC 32)
1000 Independence Ave S.W.
Washington D.C. 20585
(202) 586-5550

Attorney for De Defendants
Spencer Abraham and George
Breznay ("DOE")

October 24, 2005