# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Consolidated Edison Company of** )<br>**New York, Inc.,** *et al.,* )<br>                    )<br>            **Plaintiffs,** )<br>    v.                )  Civil Action No. 1:05CV01467-RWR<br>                    )<br>                    )<br>**Spencer Abraham, Secretary of Energy,** *et al.,*)<br>                    )<br>            **Defendants.** ) | |

## FEDERAL DEFENDANTS' REPLY MEMORANDUM

Plaintiffs' challenge to the Office of Hearings and Appeals ("OHA") refund award to Lubrizol Corporation ("Lubrizol") boils down to two assertions. Neither forms a basis for overturning OHA's reasonable and well supported decision granting Lubrizol's refund request.

Plaintiffs first argue that the refund may result in potential double counting of refund volumes in the crude oil proceeding because the additives produced by Lubrizol might have been sold to oil companies and sold in another form to other end-users. OHA correctly rejected this argument as speculative. Further, the premise of plaintiffs' argument – *i.e.*, that the ground rules of the refund proceeding bar any refund award that might result in double counting of refund volumes -- is simply incorrect. As we have explained, in establishing the ground rules for the crude oil refund proceeding in 1987, OHA expressly declined to adopt a proposal to eliminate potential double counting attributable to volumes that were the subject of an earlier settlement of numerous crude oil refund claims.

Second, plaintiffs dispute OHA's determination that Lubrizol was a qualified end-user as opposed to a reseller (which would be subject to a much more rigorous injury showing

requirement). However, based on the record before it which included sworn affidavits explaining Lubrizol's processing activities, OHA properly determined that Lubrizol substantially changed the petroleum products it purchased and did not simply resell them. Under the deferential standard of review applicable to OHA's decisions under the former price control program, plaintiffs' simple disagreement with the agency's decision is insufficient to override the agency's reasonable decision. *See Phoenix Petroleum Co. v. Federal Energy Regulatory Commission,* 95 F.3d 1555 (Fed. Cir. 1996).

    1. OHA rejected as "too speculative" plaintiffs' argument that allowing Lubrizol's claim might lead to potential double counting of eligible barrels in the refund proceeding because the additives Lubrizol produced might have been sold to oil companies and sold in another form to other end-users, who might also have submitted Subpart V refund claims based on the same volumes. Administrative Record ("AR") at 712. In rejecting this "hypothetical" argument, OHA explained that it had no evidence indicating what percentage of oil products were sold to oil companies. *Ibid.* OHA further noted the inherent uncertainties involved in any attempt to divine how or in what proportions any oil companies might have mixed their Lubrizol products. *Ibid.*

    Moreover, plaintiffs' advocacy for a strict "one gallon one refund" requirement in these circumstances ignores that in 1987 OHA rejected proposals that it protect against such possible double counting by eliminating from the volumetric refund calculation the volumes of product covered by the claims of settling parties in the *Stripper Well* case, *In re The Department of Energy Stripper Well Exemption Litigation*, 653 F. Supp. 108 (D. Kan. 1986), a proceeding involving the settlement of "tens of thousands" of crude oil claims. See 653 F. Supp at 114. In

establishing the ground rules for the crude oil refund proceeding, OHA in 1987 found that establishing such a rule against double counting based on the *Stripper Well* volumes "might delay the crude oil refund process" and impede "an expeditious resolution of all crude oil overcharge claims." "Notice Explaining Procedures for Processing Refund Applications in Crude Oil Refund Proceedings Under 10 C.F.R. Part 205, Subpart V," 52 Fed. Reg. 11737, 11740 n. 2 (April 10, 1987).

    Simply put, plaintiffs' double counting challenge is based on speculation and plaintiffs' argument for a ground rule that OHA reasonably declined to adopt at the outset of the current proceeding. Accordingly, plaintiffs' argument fails to provide a basis for reversing OHA's refund award to Lubrizol.

    2. Plaintiffs concede that Lubrizol's purchases were qualifying purchases of domestic refined products. Plaintiffs' argument whether Lubrizol was a qualified "end-user" reduces itself to an argument that Lubrizol did not substantially enough change the form of the base oils it purchased to be considered an end-user as opposed to a reseller of the products it purchased. In determining that Lubrizol qualified as an end-user, OHA paid particular attention to an affidavit of Calvin Schroeck, who explained on the claimant's behalf that Lubrizol purchased oil which it used "'to make chemical components of additives packages.'" AR 711, quoting May 13, 2005 Schroeck affidavit. Dr. Schroeck explained that, "'Lubrizol is a specialty chemical company'" and "'was engaged in the making of chemical additives that were sold to companies to be blended with oil to form a finished lubricant product.'" *Ibid*. The resulting "'additive package is not a finished lubricant package and not something refiners make.'" *Id*.

    Based on the Schroeck submission and other information provided by Lubrizol, OHA

therefore concluded that Lubrizol should be considered an end-user of petroleum products because it

> substantially changed the nature of the petroleum products it purchased by adding various chemicals to different types of petroleum products to produce "additive packages." The additive packages were then sold not as petroleum products themselves but as a product which when added to a purchaser's oil would produce a change in the physical and chemical properties of the purchaser's oil. Lubrizol, in creating its products by adding chemicals to the petroleum products it purchased from refineries, substantially changed the form of the petroleum products it purchased. Consequently, we find that Lubrizol was not a reseller but an end-user of petroleum products.

AR 711-712.

OHA thus gave careful consideration to the relevant criteria (AR 709-713) and sworn submissions from Lubrizol in reasonably concluding that Lubrizol processed the source oils into products that were used by their customers in further manufacturing processes. (AR 711-712). Consequently, OHA properly determined that Lubrizol was an end-user entitled to receive a "Subpart V" refund based on that status. Since that decision plainly has a rational basis, OHA's decision is entitled to deference, and should be sustained by this Court. See *Phoenix Petroleum*, 95 F.3d at 1567.

CONCLUSION

For the foregoing reasons, plaintiffs' complaint should be dismissed and judgment entered for the Government.

Respectfully submitted,

_____/S/_____
THOMAS H. KEMP
STEPHEN C. SKUBEL
U.S. Department of Energy
Office of the General Counsel
Rm. 6H-045 (GC-32)
1000 Independence Ave., S.W.
Washington, D.C. 20585

DATE: February 27, 2006          Telephone: (202) 586-8700